JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHONICE EATON,<br><br>                 Plaintiff,<br><br>    v.<br><br>DOLLAR TREE, INC., et al.,<br><br>                 Defendants. | Case No. 2:23-cv-10094-FLA (MARx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

1

**RULING**

On October 24, 2023, Plaintiff Shonice Eaton ("Plaintiff") initiated this action against Defendants Dollar Tree, Inc. and Family Dollar Stores, Inc. ("Defendants"), in the Los Angeles County Superior Court. Dkt. 1-1 ("Compl."). The Complaint asserts three state-law claims based on the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq. *Id.*

On November 30, 2023, Defendants removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In their Notice of Removal, Defendants allege the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* at 5–8.

On January 9, 2024, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 13. Only Defendants filed a response. Dkt. 16 ("Defs. Resp.").

Having reviewed the Notice of Removal and Defendants' response to this court's Order to Show Cause, and for the following reasons, the court finds Defendants fail to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or

where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendants' burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

        **A.**     **Plaintiff's Stipulation**

To establish the amount in controversy, Defendants first point out that Plaintiff "has stipulated that she is seeking to recover more than the jurisdictional threshold of $75,000 in damages, plus additional amounts for attorneys' fees and costs." Defs. Resp. at 2; *see* Dkt. 18 at 2. The Ninth Circuit has held that a plaintiff's "concession of diversity jurisdiction ... is strong evidence that the amount in controversy exceeds $75,000." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). However, "litigants cannot stipulate to subject matter jurisdiction where it does not otherwise exist," and a plaintiff's concession of jurisdiction must be "done in good faith." *Id.* (citing *Janakes v. U.S. Postal Servs.*, 768 F.2d 1091, 1095 (9th Cir. 1985)). The court, therefore, need not adopt the parties' stipulation regarding jurisdiction without further scrutiny. Rather, the court must review the parties' allegations regarding the amount in controversy to determine if Plaintiff's concession of jurisdiction is made in good faith, when considering the allegations in the record. For the following reasons, the court concludes the parties' allegations do not demonstrate the amount in controversy requirement is met here.

### B. Lost Wages

Defendants separately assert that approximately $18,000 in lost wages is in controversy. Defs. Resp. at 3. The court, therefore, assumes for purposes of this Order, without making any related legal or factual determinations, that the amount of lost wages Plaintiff may recover in this action is properly calculated to be $18,000.

### C. Emotional Distress

Next, Defendants assert "emotional distress damages have value for purposes of determining the amount in controversy." Defs. Resp. at 3. To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018). "[T]he cases must be factually identical or, at a minimum, analogous to the case at issue." *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Courts are not required to include emotional distress damages as part of the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.*, Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation . . . how the facts in those cases compare to the facts presented here is . . . insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence.").

Here, Defendants fail in their burden. Although Defendants cite to a number of cases with large emotional distress awards, Defendants fail to describe how the facts of this case are similar to the facts of the other cases, or even what specific amount of emotional distress damages would be appropriate in the instant matter. Accordingly,

the court does not include any emotional distress damages in the demonstrated amount in controversy.

### D.  Punitive Damages

Defendants' inclusion of punitive damages is likewise speculative and insufficient to meet their burden.  *See* Defs. Resp. at 3–4.  "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met."  *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022).  "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000."  *Id.* at 564–65.  This involves "articulat[ing] why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages."  *Id.* at 565 (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)) (emphasis in original).

Defendants fail to carry this burden and accordingly fail to show that any particular amount of punitive damages is in controversy in this case.

### E.  Attorney's Fees

Finally, Defendants argue the court should include potential attorney's fees in determining the amount in controversy.  Defs. Resp. at 4.  "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  But a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."  *Id.*

Defendants fail to submit evidence or identify awards in other cases similar enough that the court can conclude it is more likely than not that Plaintiff may incur a similar fee award. Further, Defendants again do not suggest an appropriate amount of potential attorney's fees in the instant matter.

## **CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Defendants have met their burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 23NWCV03473. All dates and deadlines in this court are VACATED. The parties' Stipulation to Stay the Case Pending Arbitration (Dkt. 18) is DENIED as MOOT. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: January 30, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge